# BOWEN *v.* HOWENSTEIN.

WILLS; CAVEAT; ESTOPPEL; WAIVER OF CITATION.

1. No estoppel to caveat a will within the statutory period after probate, arises against a beneficiary from her waiver of citation and consent to probate, although the statute provides that upon sufficient proof the will shall be admitted unless a caveat be filed and that it may be admitted upon waiver and consent by parties interested; where it also provides any person in interest may file a caveat within a specified time after probate. (Distinguishing *Craighead* v. *Alexander,* 38 App. D. C. 229.)

2. A beneficiary who accepts property covered by a will, but returns it within a short time, does not thereby elect to abide by the will, and thus estop herself from filing a caveat. (Distinguishing *Utermehle* v. *Norment,* 22 App. D. C. 31.)

No. 2461. Submitted Jan 6, 1913. Decided Feb. 3, 1913.

HEARING on an appeal by the caveator from a decree of the Supreme Court of the District of Columbia sitting as a probate court confirming the probate of a will and dismissing a caveat. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District, confirming the probate of the will of Rose Kraemer and dismissing the caveat of Carrie Bowen, appellant.

Mrs. Kraemer died on December 4, 1910, leaving a will dated September 30, 1910. By this will, after disposing of a few small pieces of jewelry, she left her property to Herman R. Howenstein, the appellee, with full power to manage and control, invest and reinvest, and to sell either at public or private sale. Out of the proceeds appellee was to pay Rose Phipps, daughter of appellant, $500; Vernon M. Knox, $1,000; Alma Knox, $1,000; Rowland Howenstein, a child of appellee, $1,000; and the residue to appellant, sister and sole heir at law of the testatrix. The payment of the specific bequests would very nearly exhaust the estate.

About the 14th of December, 1910, appellant, by the procurement of appellee, signed a waiver of notice and consent that said will be admitted to probate. It was so admitted on December 16, 1910. On the 22d of December appellant received from appellee as executor certain articles of jewelry not specifically mentioned in the will, for which she receipted. According to the testimony of herself and daughter, this jewelry was turned over to her without her request. However that may be, she retained it but a short time and then redelivered it to appellee, who now has it and all other assets of the estate. The caveat to the will was filed January 10, 1911. Issues were thereupon framed and a trial had. Appellant contended, and offered evidence tending to prove, that the circumstances surrounding the signing of said waiver of citation and consent that the will be admitted to probate were such as to relieve her from any estoppel, even if it should be assumed that, but for those circumstances, she would have been estopped thereafter to caveat the will. She further contended that, even if said waiver and consent should be given full force and effect, there was no estoppel. The trial justice, being of the opinion that appellant was estopped to attack the will, directed a verdict upon each of

the issues, the evidence showing that the will was properly executed.

*Mr. Daniel W. Baker* and *Mr. William B. Reilly* for the appellant.

*Mr. Samuel Maddox, Mr. H. Prescott Gatley,* and *Mr. Barry Mohun* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The doctrine of estoppel *in pais* is founded upon principles of morality, and is intended to subserve the ends of justice. "It is a doctrine, therefore, when properly understood and applied, that concludes the truth in order to prevent fraud and falsehood, and imposes silence on a party when in conscience and honesty he should not be allowed to speak." *Van Rensselaer* v. *Kearney,* 11 How. 297, 326, 13 L. ed. 703, 715.

In *Henshaw* v. *Bissell,* 18 Wall. 255, 271, 21 L. ed. 835, 840, the court observed: "An estoppel *in pais* is sometimes said to be a moral question. Certain it is that to the enforcement of an estoppel of this character, such as will prevent a party from asserting his legal rights to property, there must generally be some degree of turpitude in his conduct which has misled others to their injury. Conduct or declarations founded upon ignorance of one's rights have no such ingredient, and seldom work any such result."

In *Morgan* v. *Chicago & A. R. Co.* 96 U. S. 716, 720, 24 L. ed. 743, 744, the court said: "The doctrine always presupposes error on one side and fault or fraud upon the other, and some defect of which it would be inequitable for the party against whom the doctrine is asserted to take advantage."

Again, in *Reynolds* v. *Adden,* 136 U. S. 348, 352, 34 L. ed. 360, 361, 10 Sup. Ct. Rep. 843, the court, in speaking of acts which were alleged to constitute estoppel, said: "They induced no conduct on the part of the appellant, or of any of the credi-

tors of John H. Adden, which operated to their prejudice. They contained no element of estoppel.

In *Brady* v. *Elliott,* 181 Pa. 259, 37 Atl. 343, it was held that voluntary payments made by certain signers of an agreement in anticipation of its becoming binding, or in discharge of their liability under an act of incorporation, did not estop them from thereafter asserting that the agreement had no binding force, the court saying: "No one was misled to his injury, or induced to change his position, or to waive any right or remedy."

In *Smith* v. *Powell,* 98 Va. 431, 36 S. E. 522, the court observed: "It is of the essence of estoppel that the act relied upon as such should have been injurious, and to the prejudice of him who relies upon it as an estoppel." See also: *Lincoln* v. *Gay,* 164 Mass. 537, 49 Am. St. Rep. 480, 42 N. E. 95; *Drouin* v. *Boston & M. R. Co.* 74 Vt. 343, 355, 52 Atl. 957.

Of course, where one of two innocent parties must suffer from the negligence of another, he through whose agency the negligence was occasioned will be held to bear the loss, even though there is neither actual nor constructive fraud. *Brant* v. *Virginia Coal & I. Co.* 93 U. S. 326, 336, 23 L. ed. 927, 929.

In the present case the contention is that, by signing the waiver of citation and consent that the will be admitted to probate, and by subsequently receiving the jewelry, appellant is conclusively presumed to have elected to take under the will, and, having so elected, is now estopped to contest the will.

Under sec. 130 of the Code [31 Stat. at L. 1211, chap. 854] citation to interested parties is necessary before proofs are taken of the execution of a will. Under sec. 134, if, upon proofs submitted, the court shall be of the opinion that the will was duly executed and that the testator was competent to execute the same, the court shall admit the will to probate and record, unless a caveat shall be filed. Under sec. 135 if all parties interested adversely to the will shall waive notice, and consent that the will be admitted to probate and record, it may be so admitted, provided that formal proof of its proper execution be introduced. Sec. 136 prohibits the probate of a will

where a caveat has been filed, until the issues raised thereby shall be determined.  Under sec. 137, if the court shall decree that the will be admitted to probate *"any person in interest* may file a caveat to said will, and pray that the probate thereof may be revoked at any time within three months after such decree, if it be a will of personal property, and as far as it is a will of personal property; and if it be a will of real estate, and as far as it is such will of real estate, *any person interested* actually served with process *or personally appearing in such proceedings* may file such caveat within one year after such decree."  The section further allows any person proceeded against by publication to file a caveat within two years after such decree, and any person under twenty-one years to file such caveat within one year after he becomes of age.  In *Craighead* v. *Alexander,* 38 App. D. C. 229, this section was before the court.  In that case, as here, a waiver of citation and consent to the probate of the will had been filed in the proceedings.  There, however, there was a delay of a year, lacking a day, in the filing of the caveat, and, as no reasonable excuse for the delay appeared, the court ruled that as to the personal property the caveat was too late.  The cross appeal from the order of the trial court, allowing the caveat to the will as a will of real estate to stand, was dismissed on the ground that the order appealed from was not a final one.  While the question now before us was not directly passed upon, the court observed: "The object of the section [137] is to extend to the persons coming within its description a certain period within which to contest a will that has been regularly admitted to probate. As to them the probate is not a finality until the expiration of the prescribed periods.  Until then the right to the caveat is absolute."

It will be observed that notwithstanding sec. 137 follows sec. 135, it does not purport to exclude any person who may have waived notice or consented to the probate of the will under sec. 135; and, when we come to examine closely the preceding sections, it is apparent that all Congress intended to do was to relieve the proponent of a will of the necessity of complying

with the provisions relating to the preliminary proceedings, in the event of a waiver by parties adversely interested. In other words, sec. 137 was not intended to cut off those who had waived compliance with said preliminary proceedings from the privilege of filing a caveat. Upon what theory can it be contended otherwise? If there is no waiver, the proponent of a will must proceed strictly in accordance with the provisions of the statute. The signing of the waiver, therefore, merely relieves him from a burden. It saves time and costs, and results in no prejudice to anyone. Moreover, it must be presumed that Congress, in the enactment of this provision, was cognizant of the general rule deducible from the foregoing cases, that a party will not be estopped unless the act relied upon has resulted in the prejudice of him who relies upon it as an estoppel. Admittedly, if a party adversely interested fails to sign a waiver and consent to probate, he may file a caveat as to personal property within three months after the will has been probated, and within one year as to real estate. The order of the court in such a case, therefore, admitting a will to probate, is not a final judgment, but rather one in the nature of an order nisi. We perceive no reason for a discrimination against a person who, presumably for the purpose of expediting the proceedings, has signed such a waiver and consent, and we therefore rule that he is not excluded from the privileges of said sec. 137.

While it is undoubtedly the rule that a person who takes property under a will must be presumed to have elected to abide by the will in preference to his rights as an heir at law, in the absence, of course, of fraud, imposition, or misrepresentation (*Utermehle* v. *Norment,* 22 App. D. C. 31, 197 U. S. 40, 49 L. ed. 655, 25 Sup. Ct. Rep. 291, 3 Ann. Cas. 520; *Drake* v. *Wild,* 70 Vt. 52, 39 Atl. 248; *Fisher* v. *Boyce,* 81 Md. 46, 31 Atl. 707), we have found no case holding that the temporary acceptance of such a benefit, resulting in no disadvantage to other parties, amounts to an estoppel. On the contrary, it has been held that the return of a legacy, the condition of the parties not having been changed,—that is, no prejudice having resulted from the temporary acceptance of the legacy,—leaves no room

for an estoppel. *Watson* v. *Watson,* 128 Mass. 152; *Fletcher* v. *Holmes,* 25 Ind. 469; *Miller's Estate,* 159 Pa. 562, 28 Atl. 441. Any other conclusion would not be in harmony with the doctrine enunciated by the cases previously reviewed, for the obvious reason that, the legacy having been returned and the *status quo* not having been disturbed, no element of estoppel is present.

It follows from what we have said that the trial court should have directed a verdict for the caveator on the question of estoppel. The decree will therefore be reversed, with costs, and the cause remanded for further proceedings.

*Reversed and remanded.*

A motion to amend the judgment as to taxation of costs was granted, Mr. Justice ROBB, on February 5, 1913, delivering the opinion of the Court:

It is ordered by the court that the judgment heretofore entered in the above-entitled cause be, and the same is hereby, amended so as to tax the costs against the appellee as executor, instead of against him individually.