ERNEST T. NEWELL ET AL. v. DUNDALK COMPANY.

*Violation of Injunction—Attachment for Contempt—Review on Appeal—Restrictions on Use of Land—Business Purposes.*

Where, on petition for attachment for contempt in violating an injunction, the court in effect denied the petition, but passed an order applying the injunction to the new condition resulting from the violation, such order is open to review on appeal, as any other final order would be.                     p. 186

Even if such order should prove to be no more than the injunction already outstanding, and finally binding the parties,

and so not reviewable, the question whether it is the same injunction or a new one is open to review.                    p. 186

Such part of an order, passed on a petition for attachment for contempt in violating an injunction, as characterized conditions on certain properties as trifling violations of the injunction, was not the subject of appeal by the persons charged with the violations, no order being passed as regards those properties.
                                                        p. 187

Covenants defining the.uses, business and residence, to which one part and another of the land in a suburban development may be put, are lawful, and the parties have the right to insist upon conformity to them.                             p. 187

A covenant that "no business house of any kind shall be erected or maintained" on certain land, or any use made thereof for other than residence purposes, was violated by the use of a room within the line of such land for the storage of goods to be sold outside the line, and by the use of a stairway, extending into such room, to connect rooms outside the line which were used for business purposes.                        pp. 187, 188

An injunction against the maintenance within a certain area of any building used as a business house, and the carrying on of any business in any part of the structures extending into that area, was violated by the use of a room within that area for the storage of articles to be sold outside the area, and by the use of a stairway extending into such room to connect other rooms used for business purposes.                   pp. 187, 188

An injunction, against the maintenance of any building used for business purposes within a named area, having been violated by the use of a stairway, extending into a room within the area, to connect rooms outside the area which were used for business purposes, *held* that the contempt should be purged by punishing those guilty thereof rather than by ordering the removal of the stairway from such area, and that an alteration of the use of the stairway should be allowed as an alternative to its removal, the stairway and the room into which it extended being susceptible of purely residential use.            p. 188

*Decided November 20th, 1925.*

Appeal from the Circuit Court of Baltimore City (DAW-KINS, J.).

Petition by the Dundalk Company against Ernest T. Newell and Anna Lee Newell, his wife, for an attachment for contempt. From the order passed upon the petition, said Newell and wife appeal. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Robert Biggs,* for the appellants.

*Gaylord Lee Clark,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This appeal is from an order passed on a petition for an attachment for contempt in violating an injunction against having buildings devoted to business uses on areas restricted to use for dwellings.

The appellants bought a block of land in St. Helena, a residential development at the eastern boundary of Baltimore City, part of which, a strip 26.875 feet deep along Willow Spring Road, was, together with four other such strips, open to development for inoffensive business uses, and the remainder of which was, together with the greater part of the whole St. Helena area, subject to the restriction contained in a covenant: "that no factory, saloon or business house of any kind shall be erected or maintained on the land hereby conveyed, but said land shall be occupied and used for residence purposes only and not otherwise." On the strip of their lot open to business development the appellants built a row of seven stores, one story in height, and they extended the buildings, and yards and outbuildings connected with them, over the area restricted to dwellings, to a total depth of 60 feet instead of 26.875 feet; and upon a bill filed by the Dundalk Company, which was developing

the whole area, the encroachments were enjoined. The injunction was, specifically, against maintaining to the rear of and beyond the line of the strip 26.875 feet deep, "any building which is used as a factory, saloon or business house of any kind," and from "carrying on any business of any kind in any part of the present structures which lies east of said line, but without prejudice to the right of the said defendants to alter the character of so much of the building lying to the east of said line so as to convert that part of said structures into dwellings for residential purposes; provided such conversion shall be made on or before the 15th day of September, 1923." The appellants thereupon built the one-story enclosed structures out over what had been yards and outbuildings, on all excepting the corner lot, and erected partitions to make rear rooms of the portions extending into the residential area, and fitted these rooms out for dwelling purposes. They then changed the leases of all their tenants, still excepting the one occupying the corner store, and directed them to use the rear rooms as dwellings. This reconstruction being inadequate for the business of the tenant of the corner store, the J. W. Crook Company, a second story was put on that building, to be used for storage purposes, and a stairway to it was erected extending into the residential area, or rear room, 9.2 feet.

The evidence shows that these measures adopted to conform to the restrictions were not entirely successful. Up to the day before the hearing, it appears, the rear room of the corner store was used for keeping groceries, canned goods, and potatoes for the store, and a platform scale. And in other rear rooms in the row were adjuncts of the various businesses carried on; in one the washing and drying machines, and hot-water heating apparatus of a Chinese laundry; in another, produce, baskets of tomatoes and the like, and an oyster-shucking table with block, knife and empty shells, and in still another, cases of bottles of soft drinks. Complaints against these misuses were made, and the appellants again warned their tenants, other than the one in the

corner store, to use the rear rooms as dwellings. In this situation the present petition was filed.

The evidence taken shows an agreement of the parties on the substantial facts. There were violations of varying degrees of seriousness in several stores, and the appellant, Ernest T. Newell, in his testimony, conceded that there was a violation in the corner store. No part of that building is used for dwelling purposes, or is intended to be so used. The whole effort of the appellants has been to provide on that site the business facilities which the present tenant needs. The upstairs storage room has been built within the 26.875 foot strip, but the rear room, in the residential area, has been used in part for the communicating stairway and for storage in connection with the business.

The court below, in its order, considering the violations in the buildings below the corner to be trifling in character, took no action as to those. It required, however, that the stairway to the second floor in the corner store should be altered to the extent that it encroaches upon the residential area.

Motion is made to dismiss the appeal on the ground that there is no appeal allowed from the action of the court on an attachment for contempt. *Kelly v. Montebello Park Co.*, 141 Md. 194. But in this case there has been no attachment for contempt. The petition which began the proceeding sought an attachment, but the court has, instead, merely ordered the appellants to take the action specified to conform to the restrictions and the previous injunction. In effect, it has denied the petition, and passed an order applying the injunction to the new condition shown. Such an additional order must, we think, be open to review on appeal, just as any other final order would be. In some cases a further order might, conceivably, amount to a new injunction. And even if it should prove to be no more than the injunction already outstanding, and finally binding the parties, and, so, not reviewable on appeal, the question whether it is the same injunction or a new one must be open to

review. The motion to dismiss the appeal must, in our opinion, be overruled for these reasons.

No appeal can, we think, be taken, by the appellants, at least, from that part of the order which characterizes the conditions on the properties below the corner as trifling violations of the injunction, because no order was passed with respect to those properties, the appellants were in no way aggrieved, "and there was nothing for the authority of the appellate court to act upon." *Thompson v. McKim,* 6 H. & J. 302, 328; *Phillips v. Pearson,* 27 Md. 242, 253.

As to the order to move the stairway entirely out of the rear room of the corner property, over the residential area, it must be conceded at the outset that the covenants defining the uses to which one part and another of the land in this development might be put, are lawful, and that the parties have the right to insist upon conformity to them. See cases collected in 45 *L. R. A.* (N. S.), 726, and 18 *A. L. R.* 441, etc. And that there is a violation of covenant here in the use made of the rear room and of the stairway connection with the storage room is sufficiently clear from a mere comparison of this purely business use and purpose with the provision of the covenant that "no business house of any kind shall be erected or maintained on the land hereby conveyed, but said land shall be occupied and used for residence purposes only and not otherwise." It is equally clear that there has been a violation of the court's injunction against maintaining in the residential area any building used as a business house, and against carrying on any business in any part of the structures extended into that area. In the argument a distinction was suggested between the portion of a business property in which customers are dealt with and the other portions where goods are stored or carried to and fro. But we think both the words and the plain purpose of the restriction prohibit such a distinction. The portion other than that in which customers are dealt with—and in many businesses such a portion might be the main portion —would be, in the words of the covenant, a business house,

and it would plainly be occupied and used for purposes other than residence purposes only. The lower court was, therefor, confronted with a plain violation of its injunction, which had to be stopped.

But this Court has come to the conclusion that the proper method of purging the contempt lay in the exercise of the power to punish those guilty of it, rather than in ordering the removal of the extension of the stairs from beyond the line of business uses, and that to enforce conformity of the new structure with the restriction, the order of court should have allowed the defendants to alter the use of the stairs, if they should so elect, as an alternative to the removal of them. From the description given in the record, this Court infers that the stairs, and the rear room into which they extend, are susceptible of purely residential uses, if not by the present tenant, then by another; and in this view of it the unqualified order to remove the stairs altogether from the restricted area seems unnecessary. The present order will, therefore, be reversed to the end that an order may be passed permitting the defendants to arrange an alteration in the use of the stairs and rear room in the corner property, if they desire it.

> *Motion to dismiss the appeal overruled; and order reversed and case remanded, each party to pay its or their own costs.*