MATTHEW A. LANGHIRT ET AL., EXECUTORS, *v.* MARGARET HICKS.

*Appealable Order—Caveat to Will—Estoppel to Question Will —Acting as Executor.*

An order passed by the orphans' court, on a petition and caveat to a will, that the caveatrix "is not estopped or barred from prosecuting the caveat, and that she is entitled to have the issues as to" the validity and genuineness of the alleged will "sent to a court of law to be determined by a jury," is in effect merely the opinion of the court, and is not an appealable order.
pp. 33, 34

One who accepts and holds for fifteen months the position of executor, should not be allowed, on the day on which he is relieved from the duties of the office, to attack the will, without alleging in his petition facts which explain the apparent inconsistency, and proof of these facts should precede the grant of issues as to the will's validity.                    p. 34

An executor who becomes such with full knowledge of the facts may not subsequently, in his own interest, set up a claim adverse to the validity of the will.                    p. 35

*Decided March 24th, 1927.*

Appeal from the Orphans' Court of Baltimore City.

Petition and caveat by Margaret Hicks as regards the alleged will of Margaretha Langhirt, deceased, in which alleged will said caveatrix and Matthew A. Langhirt were appointed executors. From the order passed upon said petition and caveat, said Langhirt as executor, and others, appeal. Appeal dismissed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John L. Sanford,* with whom was *Vincent J. Demarco* on the brief, for the appellants.

*Charles P. Coady, Jr.,* and *John A. Farley,* with whom were *Coady & Farley* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

On June 18th, 1925, Margaret Hicks, appellee, filed in the Orphans' Court of Baltimore City a petition, in which she alleged that Margaretha Langhirt, her mother, had died, leaving a will which had not been offered for probate, and notifying the court that she intended to file a caveat to said will, and praying the court to refuse probate until petitioner had filed her caveat. On July 16th, 1925, she filed in said court the following paper, the will having been filed on July 1, 1925.

"And now comes Margaret Hicks, a daughter of said deceased, and withdraws the notice of caveat heretofore filed herein to the intent and purpose that the said caveat or notice thereof may be dismissed and the said will of Margaretha Langhirt be probated." This paper was signed by her attorneys, who filed the original petition.

The will was duly probated on July 18th, 1925, and letters testamentary granted to appellee and her brother, Matthew A. Langhirt, the executors named in the will, they having duly qualified. On the same day notice to creditors was issued, signed by the executors, and duly published. On July 21st, 1925, the executors filed a petition for author-

ity to pay the undertaker's bill, which was granted. The record does not show that anything further was done until October 20th, 1926, when appellee filed a petition in which she stated that she was desirous of retiring from and resigning her appointment as one of the executors; that all the assets of the estate were in the hands of her co-executor, and that there were no assets, nor had there been any, in here hands "except one old sewing machine, nor have there been any disbursements made by your petitioner." After the usual order *nisi,* the court, on November 18th, 1926, passed an order releasing and discharging her. On the same day she filed a petition and caveat, in which she alleged that the paper writing which had been admitted to probate was not the will of her mother, and all the other usual allegations, and asking for issues to a court of law, and for process against the other children of testatrix and the remaining executor. On November 22nd, 1926, answer under oath was filed denying said allegations, and averring "that the said caveatrix has not alleged nor shown in her said petition and caveat such facts as are sufficient in law to remove and get rid of the estoppel of the said caveatrix by reason of her actions heretofore in this court and in this cause set forth in paragraph two of this answer to her said petition and caveat, and where she, as above set forth, filed notice of caveat, subsequently withdrew same and, together with her co-executor, had such will duly probated and duly qualified thereunder as executrix; and did certain matters and things under the authority vested in her as co-executrix as will forever preclude her from attacking the validity of the said will." To which answer replication was duly filed, denying that any acts were committed by caveator which estopped her from contesting the validity of the will.

The case was heard on the petition, answer, replication, and the docket entries and papers of record in the administration proceedings, and the court passed an order that the caveatrix "is not estopped or barred from prosecuting said caveat and that she is entitled to have the issues of fact

raised by her said caveat and the answer thereto, as to the validity and genuineness of the alleged last will and testament of Margaretha Langhirt, deceased, sent to a court of law to be determined by a jury." This appeal is from that order.

The appeal will have to be dismissed. It is not from a final order, or indeed from any effective order. No doubt another order would have followed, sending issues to a court of law. From such an order an appeal would lie. The order passed was nothing more, in effect, than the opinion of the court. *Newell v. Dundalk Co.,* 149 Md. 182.

It is obvious, however, that to dismiss the appeal without an expression of the views of the Court would result in another appeal on a similar record, with nothing added but the final order, and the incurring of unnecessary costs. We shall therefore state what our decision would be if the case were properly before us.

This is perhaps not a case of technical estoppel. Neither were the cases of *Fisher v. Boyce,* 81 Md. 52, and *Reichard v. Izer,* 95 Md. 451. But here, as in those cases, is the underlying principle on which that doctrine is based. In both of those cases is quoted with approval the following from *Bigelow on Estoppel,* 562: "A party cannot, either in the course of litigation or in dealings *in pais* occupy inconsistent positions; and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party done with knowledge of his rights and of the facts, determines his election and works an estoppel."

One who accepts the position of executor (in which it is his duty to defend the will against caveat, *Decker v. Fahrenholtz,* 107 Md. 515) and holds that position for fifteen months, should not be permitted, on the very day he is relieved of the duties of the office, to attack the will, without alleging in his petition facts which explain the apparent inconsistency; and the proof of these facts should be preliminary to the granting of issues bearing on the validity of the will.

It is argued by appellee that one acting for himself is not estopped by previous acts done in his official capacity. That general principle is recognized in 23 *C. J.,* p. 1178, sec. 397; but the author adds: "Although the law of estoppel denies to the personal representative who takes a just possession of property in his fiduciary capacity the right subsequently to deny the title of his decedent or set up adverse title to the injury of those beneficially interested, unless the circumstances are so exceptional that no estoppel should properly arise from what was done."

So an executor who becomes such with full knowledge of the facts may not subsequently in his own interest set up a claim adverse to the validity of the will. One acts in his individual capacity in accepting and continuing to hold the office of executor; and if he makes the election with full knowledge of the facts, he is estopped to assert personal rights inconsistent with the position he has voluntarily taken.

Some of the cases cited by appellee from other jurisdictions are not in entire harmony with our decision.

The case will be remanded, in order that appellee may obtain leave from the orphans' court to amend her petition in accordance with the views above expressed; and that appellant may have an opportunity to ask for a hearing on the preliminary question, either by the court directly, or through issues sent to a court of law.

> *Appeal dismissed, and case remanded; costs to be paid out of the estate.*