HAYNES, Circuit Judge,
dissenting:
I respectfully dissent. I would vacate the sentence and remand for resentencing.
I agree with the majority opinion that plain error is the appropriate standard of review.[1] I also agree that the district *502 court committed an error, and that the error is plain. Although not explicitly stated, the majority opinion appears to conclude that the district court’s error affected Chavez-Hernandez’s substantial rights, satisfying the third prong of plain-error review. In any event, the range as calculated with the 16-level enhancement is 37-46 months,[2] while the range without it is no more than 8-14 months.[3] We have found such errors to affect a defendant’s substantial rights in cases with smaller sentencing disparities. See, e.g., United States v. Villegas, 404 F.3d 355, 364-65 (5th Cir.2005) (third prong met where correctly calculated range was 10-16 months and improperly calculated range was 21-27 months).
Where I part ways with the majority opinion is on the admittedly discretionary fourth prong. See United States v. John, 597 F.3d 263, 285-89 (5th Cir.2010). Judicial discretion, while sometimes broad, is never unfettered. In John, we noted that the degree of error is an important consideration in applying the fourth prong. Id. at 288. There, although we declined to create “factors” to guide the exercise of our plain-error discretion, we pointed out that our precedent generally holds “that when a district court’s error clearly affects a defendant’s sentence, that error seriously affects the fairness, integrity, or public reputation of judicial proceedings, particularly when the disparity between the Guidelines’ range applied by the district court and the correctly calculated range is significant.” Id. at 285-86. In this case, the error results in—at minimum—a sentence nearly five times greater than the low end of the properly calculated range and over two-and-a-half times greater than the upper end of that range. I have been unable to locate a decision from our court where we failed to find that such a wide variance between the correct range and the incorrect range met the fourth prong of plain error.
As in John, the error here caused the district court to impose what “was, in reality, an above-Guidelines sentence ... without the district court’s consideration of the correct advisory Guidelines sentencing range.” Id. at 286. “Absent remand,” then, Chavez-Hernandez—like the defendant in John—will receive a sentence calculated without reference to the proper “starting point” and “initial benchmark,” and without being “subjected to the process otherwise applicable to above-Guidelines sentences.” Id. (internal quotation marks and citations omitted). Failing to recognize plain error despite these considerations implicates “the perception of fair sentencing” and the “integrity and public *503 reputation of judicial proceedings.” Id. at 287.
I share the majority opinion’s concern about potential “sandbagging” by defense counsel and strongly agree that making timely objections is an important part of the adjudicative process. The “punishment” for failure to do so is the high bar set by the plain-error standard of review. The problem presented by the majority opinion’s approach here is that it penalizes the failure to object by foreclosing correction of the error at all. I respectfully submit that this approach goes too far; displeasure with counsel’s actions “cannot be the basis for declining to vacate [the defendant’s] sentence.” Id. at 288.
The majority opinion rests on two points, neither of which, in my view, are appropriate considerations here. The majority opinion concludes that the victim in question was under sixteen-years-old based on defense counsel’s purported “admission” at sentencing and information contained in certain state-court documents.
The first problem with this approach is that it “goes behind” a statute of conviction that, on its face, is arguably not a crime of violence. As the majority opinion details, Chavez-Hernandez’s prior conviction implicates our Taylor-Shepcvrd case-law,[4] mandating an inquiry under these circumstances into whether the Florida statute of conviction “criminalizes some conduct that would not be criminalized under the generic, contemporary meaning of statutory rape” and “sexual abuse of a minor.” United States v. Lopez-DeLeon, 513 F.3d 472, 475 (5th Cir.2008) (statutory rape); see also United States v. Munoz-Ortenza, 563 F.3d 112, 115 (5th Cir.2009) (sexual abuse of a minor). The actual crime to which Chavez-Hernandez pled guilty is “Unlawful Sexual Activity with Certain Minors,” Fla. Stat. § 794.05, the modern incarnation of Florida’s longstanding statutory rape law. See, e.g., Holton v. State, 28 Fla. 303, 9 So. 716, 717 (1891). Relevant to our case, the Florida statute criminalizes sexual intercourse between a “person 24 years of age or older” and “a person 16 or 17 years of age.” Fla. Stat. § 794.05(1).
In Lopez-DeLeon, we surveyed the law and determined that the “age of consent” was sixteen in the overwhelming number of states, federal law, and the Model Penal Code, such that otherwise consensual sexual contact becomes criminal when the victim is under sixteen years of age. 513 F.3d at 475. For the purposes of Taylor-Shepard analysis, then, our inquiry stops at the face of the Florida statute. Because the statute applies only to sixteen- and seventeen-year-old victims, it categorically is not a crime of violence under our precedents.[5]
*504 Even in cases where we may consult documents other than the statute of conviction in order to “narrow” it and determine whether the defendant’s conviction was for an offense that qualifies as an enumerated crime of violence, we may consult only the highly-circumscribed array of Shepard-approved state-court documents. See, e.g., United States v. Carbajal-Diaz, 508 F.3d 804, 809 & n. 7 (5th Cir.2007) (citing Shepard, 544 U.S. at 26, 125 S.Ct. 1254). “Where a prior conviction results from a guilty plea,” as here, this generally limits our review to “ ‘the terms of the charging document, the terms of a plea agreement!],] or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant.’ ” Id. at 810 (quoting Shepard, 544 U.S. at 26, 125 S.Ct. 1254). We may rely on “facts contained in those documents to the extent the prior conviction necessarily involved (and a prior plea necessarily admitted) facts equating to [the enumerated crime].” Id. (internal quotation marks and citation omitted; alteration in original).
The state court document proffered by the Government—entitled “Findings Pursuant to Florida Statute 943.0435”—is not a Shepard-approved document, and nothing indicates Chavez-Hernandez “assented” to its findings.[6] He was not convicted of an offense listed in his information, so we also cannot consider that document. See United States v. Bonilla, 524 F.3d 647, 652-53 & n. 4 (5th Cir.2008) (holding that charges contained in an information may not be used to narrow the statute of conviction unless the defendant was actually convicted of those charges or a lesser-included offense listed in the information) (collecting cases).
In these circumstances, concluding that the minor at issue was under sixteen is not just “narrowing” the statute of conviction, but going completely beyond it. Even under plain-error review, Shepard still controls; it does not allow us to simply find facts or rely on what we “know” happened. See, e.g., 544 U.S. at 19-20, 125 S.Ct. 1254 (noting that a categorical approach “refers to predicate offenses in terms not of prior conduct but of prior ‘convictions’ and the ‘element[s]’ of crimes,” and observing that “ ‘the practical difficulties and potential unfairness of a factual approach are daunting’ ” (quoting Taylor, 495 U.S. at 600-01, 110 S.Ct. 2143)) (alteration in original). In this regard, the majority opinion’s approach risks turning these types of cases into precisely the “endless dispute[s] over the specific facts of [each enhancement-eligible] crime” that the Taylor-Shepard method is designed to prevent. Carbajal-Diaz, 508 F.3d at 809.[7] Thus, I disagree *505 that it is appropriate to look at a non-Shepard-scpproved document to gather facts in support of or against the exercise of our discretion under the fourth prong of plain-error review. The majority opinion cites no authority supporting such an approach.
I also disagree with the majority opinion’s characterizing as an “evidentiary admission” what was, in context, defense counsel’s passing reference to the victim as “the 14-year old.” The majority opinion cites no precedent suggesting that such an offhand remark constitutes an “admission” foreclosing the defendant from demanding Shepard-approved documents to support the claim.[8] By contrast, cases in which admissions during sentencing were found to support an enhancement involved admissions by the defendant himself, not stray remarks by counsel. See United States v. Najera-Najera, 519 F.3d 509, 510 n. 1 (5th Cir.2008) (defendant admitted that the facts in his PSR were true); United States v. Martinez-Vega, 471 F.3d 559, 563 (5th Cir.2006) (same); United States v. Mendoza-Sanchez, 456 F.3d 479, 483 (5th Cir.2006) (defendant admitted that he burglarized a house in response to judge’s question).
It is difficult to discern exactly why the majority opinion considers defense counsel’s remark to be an admission, judicial or evidentiary. The majority opinion acknowledges that defense counsel’s statement was not a judicial admission; nothing in the record indicates that defense counsel meant for the comment to relieve the Government of its burden to establish the victim’s age in justifying the crime-of-violence enhancement’s application. See Martinez v. Bally’s La., Inc., 244 F.3d 474, 477 (5th Cir.2001) (citation omitted). Yet, the majority opinion proceeds to give defense counsel’s aside precisely that effect by hinging the denial of discretionary relief on the understanding that he confirmed the victim’s true age.
Calling the comment an “evidentiary admission” makes no difference. As the majority opinion notes, an evidentiary admission is “a statement of assertion or concession made for some independent purpose.” Id. at 477-78 (citing McNamara v. Miller, 269 F.2d 511, 515 (D.C.Cir.1959)). But the majority opinion identifies no “independent purpose” served by defense counsel’s actions. Indeed, Alamo v. Del Rosario, the case McNamara cites to distinguish judicial from evidentiary admissions, suggests that relevant “independent purposes” relate to a party’s testimonial statements. 98 F.2d 328, 330 (D.C.Cir.1938). In casually calling the victim “the 14-year old,” defense counsel certainly could not have intended to provide testimony refuting the exact objection he ineffectually attempted raise before the district court, nevermind that counsel could not cognizably “testify” for his client.
“[O]ur sentencing precedent has been generous with remand, often finding that errors leading to substantial increases in sentences, even those errors not raised until appeal and thus subject to plain error review, merited remand.” John, 597 F.3d at 287 (internal quotation marks and cita *506 tion omitted). Because I believe that we should do likewise here, I respectfully dissent.

. See, e.g., Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) ("Rule 52(b) review—so-called 'plain-error review'—involves four steps, or prongs. First, there must be an error or defect—some sort of ‘[deviation from a legal rule’—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant’s substantial rights, which in the ordinary case means he must demonstrate that it ‘affected the outcome of the district court proceedings.' Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to *502 be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' ” (quoting United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993))) (internal citations omitted; alterations and emphasis in original).

. In arriving at this range, the district court found that the defendant’s criminal history category was over-represented and reduced it from II to I. With an offense level of 24, reduced by a 3-level reduction for acceptance of responsibility, the offense level was 21, yielding a range of 37-46. The sentence given, 37 months, is at the bottom of that range.

. Chavez-Hernandez contends that, had the offense in question not been counted as a crime of violence, he instead would have received a 4-level, not 16-level, increase. He posits that he then would have received a 2-level reduction for acceptance of responsibility and remained in criminal history category II, yielding a range of 8-14 months. The Government offers no competing calculation. If the district court had again reduced the criminal history category to I, the range would have been 6-12 months.

. Shepard, v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

. No one disputes that consensual sexual activity with a person seventeen or older would not qualify as "statutory rape” under the "generic, contemporary meaning” we must apply. I note that our precedents on this matter are not completely uniform on the question of whether the correct age is "under sixteen” or "under seventeen.” See, e.g., United States v. Castro-Guevarra, 575 F.3d 550, 552 (5th Cir. 2009) (where victim was fourteen, rejecting defendant’s argument that, because Texas consensual-sex-with-a-minor statute applies to victims under the age of seventeen, Lopez-DeLeon prevented his conviction from qualifying as "statutory rape” under the Guidelines); United States v. Ayala, 542 F.3d 494, 495 (5th Cir.2008) (same, concerning Texas indecency-with-a-child statute); United States v. Najera-Najera, 519 F.3d 509, 512 (5th Cir.2008) (observing that precedent has held that "a person younger than 17 years old is a 'child' ” under the Texas indecency-with-a-child statute for Guidelines purposes (citing United States v. Zavala-Sustaita, 214 F.3d 601, 604-05 (5th *504 Cir.2000))); United States v. Alvarado-Hernandez, 465 F.3d 188, 189 (5th Cir.2006) (Texas statute that "punishes consensual sexual intercourse with a child” under seventeen satisfies the "common sense definition of 'statutory rape' " and, therefore, constitutes a crime of violence; victim was fourleen-yearsold). I conclude that this question does not control the ultimate outcome in this case because either the statute categorically is not a crime of violence, or it is a statute that requires "narrowing,” which, as I discuss below, leads to the same result.

. Interestingly, the "Findings Pursuant to Florida Statute” document suggests that the minor was fifteen. So, we have four possible ages: "fourteen” as suggested by the stray remark of defense counsel, "fifteen” as suggested by the court of conviction’s findings, and "sixteen or seventeen” as suggested by the actual statute of conviction. Additionally, if we are going to "go behind” the statute, the date of birth provided in the information indicates that Chavez-Hernandez was only twenty-three years old at the time of his conviction; not twenty-four or older as required by section 794.05.

. Nor does the reprehensibility of a defendant’s prior conduct change the analysis. By definition, all convicted criminal defendants *505 have been found to have done something wrong. Shepard and plain-error review apply regardless. See, e.g., John, 597 F.3d at 288-89 (observing that "[t]he discretion inherent in the plain-error standard” should not turn on “sympathy or lack thereof for a particular individual or the public’s or a judge’s opinion as to the seriousness or heinous nature of a particular crime”).

. See, e.g., Alvarado-Hernandez, 465 F.3d at 189 (indictment charged, and defendant was convicted of, “having consensual sexual intercourse with a fourteen-year-old victim”).