United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40061
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR LOPEZ-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-561-ALL
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Victor Lopez-Garcia appeals the sentence imposed after his plea of guilty to reentering the United States illegally after deportation. His sentence was enhanced due to a prior California conviction of unlawful sexual intercourse with a minor, in violation of CAL. PENAL CODE ANN. § 261.5. Lopez-Garcia contends that the prior offense of conviction was neither a felony nor a crime of violence under U.S.S.G. § 2L1.2.

The now-advisory federal sentencing guidelines define felony as "any federal, state, or local offense punishable by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2, comment. (n.2). Section 261.5(c) of the CALIFORNIA PENAL CODE provides that a violation may be either misdemeanor or a felony punishable by imprisonment for an unspecified term. CAL. PENAL CODE ANN. § 261.5(c). The record shows that Lopez-Garcia faced up to three years of imprisonment and that he failed to get the offense reduced to a misdemeanor. He was thus convicted of a felony.

Lopez-Garcia contends also that his prior offense does not fall within the generic definitions of "statutory rape" or "sexual abuse of a minor" under the comments to U.S.S.G. § 2L1.2. Our review of the prior offense may include reference to the charging papers. See United States v. Calderon-Pena, 383 F.3d 254, 258 & n.5 (5th Cir. 2004), cert. denied, 125 S. Ct. 932 (2005). Lopez-Garcia's charging instrument alleged sexual intercourse with a minor who was not Lopez's spouse and who was more than three years younger than Lopez. Under a "common sense" approach, such an offense is "statutory rape" as listed under the comment to U.S.S.G. § 2L1.2. See United States v. Izaquirre-Flores, 405 F.3d 270, 275 (5th Cir. 2005); see also In re Jennings, 95 P.3d 906, 921 (Cal. 2004) (noting that statutory rape is now called unlawful sexual activity with a minor under CAL. PENAL CODE ANN. § 261.5). The offense also meets the common-sense definition of "sexual abuse of a minor." See Izaquirre-Flores, 405 F.3d at 275-76 (similar North Carolina

crime); <u>United States v. Zavala-Sustaita</u>, 214 F.3d 601, 607 (5th Cir. 2000) (similar Texas crime). Lopez-Garcia's prior conviction was for a "crime of violence."

For the first time on appeal, Lopez-Garcia argues that the district court erred by imposing his sentence under a mandatory sentencing guidelines scheme, citing <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005). Lopez-Garcia arguably waived this issue in his plea agreement when he waived the right to have facts essential to punishment charged in the indictment or proved to a jury and when he agreed to be sentenced under the federal sentencing guidelines. We need not address the waiver, however, because Lopez-Garcia's <u>Booker</u> claim fails under the applicable plain-error standard of review. See <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir.) (plain error), <u>cert. denied</u>, 126 S. Ct. 267 (2005).

Although sentencing Lopez-Garcia under a mandatory guidelines scheme constituted error in light of <u>Booker</u>, his claim fails because there is no showing that the district court would have imposed a lesser sentence under advisory guidelines. See <u>id.</u> at 733; <u>United States v. Mares</u>, 402 F.3d 511, 517-18, 521 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). In addition, Lopez-Garcia's argument that the error is structural and presumptively prejudicial is without merit. See <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 464 (2005).

Lopez-Garcia next argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). He concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he posits that Apprendi casts doubt on the continuing validity of Almendarez-Torres. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (quotation marks omitted).

The district court's judgment is AFFIRMED.