United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2006**

Charles R. Fulbruge III
Clerk

REVISED SEPTEMBER 18, 2006

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50994
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS ALVARADO-HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:

Jose Luis Alvarado-Hernandez pleaded guilty to reentering the United States illegally after deportation in violation of 8 U.S.C. § 1326(b). Alvarado-Hernandez now appeals his sentence, arguing that the district court erred in enhancing his sentence because his prior sexual assault conviction did not constitute a crime of violence. Because his prior conviction meets a common-sense definition of crime of violence, we AFFIRM.

## I. Background

Alvarado-Hernandez pleaded guilty to reentering the United States illegally after deportation. At his sentencing, the district court rejected Alvarado-Hernandez's argument that a prior Texas conviction for consensual sex with a person less than seventeen-years-old under TEX. PENAL CODE § 22.011(a)(2) was not a crime of violence within the meaning of U.S.S.G. § 2L1.2. Consequently, the district court increased Alvarado-Hernandez's base-offense level by sixteen levels and sentenced him to forty-six to fifty-seven months imprisonment. He now appeals.

## II. Discussion

The Sentencing Guidelines provide for a sixteen-level upward adjustment for an illegal-entry defendant with a prior conviction for a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). An offense qualifies as a crime of violence if it includes an element of force or constitutes an enumerated offense. Id. cmt. (n.1(B)(iii)). Included among the enumerated offenses are the crimes of "statutory rape" and "sexual abuse of a minor." Id.

This court uses a "common sense approach" to determine if the defendant's offense qualifies as an enumerated offense in the Guidelines. United States v. Sanchez-Ruedas, 452 F.3d 409, 412 (5th Cir. 2006) ("common-sense approach" requires a determination of the generic and contemporary meaning); see also United States v.

<u>Izaguirre-Flores</u>, 405 F.3d 270, 274-75 (5th Cir. 2005). We review the district court's interpretation <u>de</u> <u>novo</u>. <u>Id.</u> at 272.

The Texas statute at issue meets a common sense definition of "statutory rape." This statute punishes consensual sexual intercourse with a child, defined as a person younger than the age of seventeen. TEX. PENAL CODE §§ 22.011(a)(2), (c)(1). Alvarado-Hernandez's prior conviction was based on an indictment that charged him with having consensual sexual intercourse with a fourteen-year-old victim, sufficient to meet a common-sense as well as a generic, contemporary definition of statutory rape.[1] <u>See</u> <u>United States v. Lopez-Garcia</u>, 163 F.App'x 306, 307-08 (5th Cir. 2006) (unpublished).

This case is distinguishable from <u>United States v. Luciano-Rodriquez</u>, 442 F.3d 320 (5th Cir. 2006), <u>reh'g</u> <u>en</u> <u>banc</u> <u>denied</u>, 2006 WL 2235104 (5th Cir. Aug. 3, 2006), in which we held that because TEX. PENAL CODE § 22.011(a)(1) defines sexual assault to include those offenses where "assent is rendered a legal nullity by the statute," a conviction under subsection (a)(1) is not a forcible sex offense and thus not a crime of violence. <u>Luciano-Rodriquez</u> involved a prior conviction under subsection (a)(1) of

---

[1] Albeit under a different guideline provision, we have previously characterized an offense under TEX. PENAL CODE § 22.011(a)(2) as statutory rape. <u>See</u> <u>United States v. Houston</u>, 364 F.3d 243, 246-48 (5th Cir. 2004) (declining crime of violence enhancement because guideline provision did not have the use of force as an element and did not include statutory rape as an enumerated offense). Unlike the guideline provision in <u>Houston</u>, the provision at issue in this case, § 2L1.2, specifically enumerates statutory rape as a crime of violence.

3

the statute, which prohibits intentional or knowing sexual penetration "without the consent" of the other person. By contrast, this case involves a prior conviction under subsection (a)(2), which prohibits intentional or knowing sexual penetration regardless of consent. Luciano-Rodriquez controls only those cases in which the defendant's prior conviction was under subsection (a)(1) because the victim's consent is relevant only under that subsection. Moreover, the holding in Luciano-Rodriquez went only to the issue whether an offense under subsection (a)(1) fit within the enumerated offense of "forcible sex offenses." The issue here, however, is whether Alvarado-Hernandez's prior offense under subsection (a)(2) constitutes the enumerated offense of "statutory rape."

Alvarado-Hernandez's prior conviction under TEX. PENAL CODE §§ 22.011(a)(2) was for a crime of violence. The defendant's attempt to draw distinctions between the Texas statute and the Model Penal Code is without merit.[2]

---

[2] We also reject Alvarado-Hernandez's challenge to the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Alvarado-Hernandez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S. Ct. 1219, 1226 (1998). Although Alvarado-Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005), cert. denied, 126 S. Ct. 298 (2005). Alvarado-Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Therefore, we AFFIRM the sentence imposed by the district court.

**AFFIRMED.**