United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40765
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VICTOR TORRES-NAVA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-31-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Victor Torres-Nava (Torres) appeals the 48-month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.  He argues that the district court erred in assessing a 16-level sentencing enhancement for his prior felony conviction for sexual assault of a child under TEX. PENAL CODE § 22.011(a)(2) because  the conviction did not constitute a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A).

     The argument is without merit.  A conviction under

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 22.011(a)(2) "meets a common-sense as well as a generic, contemporary definition of statutory rape," and it is thus the equivalent of an enumerated offense which triggers the enhancement. United States v. Alvarado-Hernandez, ___ F.3d ___, 2006 WL 2621650 at **1-2 (5th Cir. Sept. 14, 2006).

Torres also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersy, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Torres properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.