United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40835
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO JIMENEZ-ZAMORA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-18-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arturo Jimenez-Zamora appeals his conviction of and sentence for illegal reentry in violation of 8 U.S.C. § 1326. Finding no error, we affirm.

Jimenez-Zamora contends the district court erred by failing to articulate specific reasons for rejecting his arguments for a sentence below the advisory sentencing guideline range. He also urges that the sentence fails to take into account the sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors of 18 U.S.C. § 3553(a) with respect to his proffered reasons for a lower sentence. Although these arguments are intertwined throughout Jimenez-Zamora's brief, we view them as separately asserting (1) that the sentence was unreasonable because the district court erred by failing to set forth reasons for its sentence and (2) that the sentence is unreasonable because the court gave improper or insufficient weight to Jimenez-Zamora's arguments in light of the § 3553(a) factors.

With respect to the first assertion, we agree with the government that, because Jiminez-Zamora failed to object that the district court did not articulate reasons, review is for plain error. See United States v. Izaguirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000). As for the second point, we assume, without deciding, that Jimenez-Zamora's request for a sentence below the guidelines preserved his objection to the district court's weighing of the sentencing factors. See id.; see also United States v. Castro-Juarez, 425 F.3d 430, 433-34 (7th Cir. 2005).

Jimenez-Zamora's argument that the district court must more explicitly provide reasons for imposing a sentence within the guideline when the defendant has offered specific arguments for a non-guideline sentence is unsupported by our precedent, which provides that a district court's statement that it is adopting the presentence report and the guideline applications is sufficient explanation. See United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006). Because Jimenez-Zamora's argument would require an ex-

tension of our precedent, he cannot show plain error.  See United States v. Garcia-Rodriguez, 415 F.3d 452, 455 (5th Cir.), cert. denied, 126 S. Ct. 641 (2005).

We also reject Jimenez-Zamora's contention that the district court did not give sufficient consideration to his arguments in support of a lower sentence.  Our review of the sentence is for reasonableness.  See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Where, as here, a district court exercises its discretion to impose a sentence within a properly calculated guideline range and states that it is doing so, we infer that the court has considered all the factors for a fair sentence set forth in the guidelines.  Id.  It will be rare for us to say that such a sentence is unreasonable.  Id.

Jimenez-Zamora asserts (1) that the district court afforded his conviction for lewd or lascivious battery too much weight, because the underlying sexual conduct was consensual, and (2) that the court did not give sufficient consideration to his motivation for returning to the United States, namely, his long-standing connection to this country.  Such arguments are contrary to guideline policies.  See United States v. Alvarado-Hernandez, 465 F.3d 188, 189-90 (5th Cir. 2006) (in which consensual sexual conduct was found to support a U.S.S.G. § 2L1.2 enhancement); U.S.S.G. § 5H1.6 (stating that community ties ordinarily are not relevant in determining a downward departure).  A district court must consider the policies of the guidelines in deciding whether to impose a sentence

outside the guideline range.  See United States v. Duhon, 440 F.3d 711, 717-18 (5th Cir. 2006), petition for cert. filed (May 18, 2006) (No. 05-11144).  Given the foregoing and the deference owed to the sentence, we cannot conclude that the district court improperly weighed any of the § 3553(a) factors.

Finally, Jimenez-Zamora's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006). Jimenez-Zamora properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it to preserve it for further review.

The judgment is AFFIRMED.