United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 06-40307
Conference Calendar

—————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MARIO PENA-LOPEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1805-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Mario Pena-Lopez appeals his guilty-plea conviction and
sentence for illegal reentry, in violation of 8 U.S.C. § 1326.
Pena-Lopez first argues that the district court erred in
assessing a 16-level "crime of violence" enhancement under
U.S.S.G. § 2L1.2 based on his prior felony conviction for sexual
assault of a child under TEX. PENAL CODE § 22.011(a)(2).  According
to Pena-Lopez, such an offense does not constitute a "crime of
violence" within the meaning of § 2L1.2(b)(1)(A).  As Pena-Lopez

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes, we review this argument for plain error.  See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).

The district court committed no error, plain or otherwise. A violation of § 22.011(a)(2) "meet[s] a common-sense as well as a generic, contemporary definition of statutory rape."  United States v. Alvarado-Hernandez, 465 F.3d 188, 189-90 (5th Cir. 2006).  It is thus the equivalent of an enumerated offense that triggers the § 2L1.2 enhancement.

Pena-Lopez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005).  Pena-Lopez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.