United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2007**

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

m 06-40342

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROLANDO GARCIA-ORTIZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
m 4:05-CR-153-ALL

Before JONES, Chief Judge, REAVLEY
and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rolando Garcia-Ortiz appeals the sixteen-level sentence enhancement he received based on a Texas conviction of attempted aggravated sexual assault. We vacate and remand for development of the record.

I.

Garcia-Ortiz pleaded guilty of being unlawfully present in the United States after being deported, in violation of 8 U.S.C. § 1326. The presentence report ("PSR") recommended a

base offense level of 8 pursuant to U.S.S.G. § 2L1.2 and a 16-level increase under § 2L1.2-(b)(1)(A)(ii) because Garcia-Ortiz had a Texas conviction of attempted aggravated sexual assault, a "crime of violence." Garcia-Ortiz objected to the PSR, contesting its description of his earlier conviction and claiming that his confession to that crime was induced by police coercion. The court adopted the PSR (with certain exceptions not relevant to this appeal) and sentenced Garcia-Ortiz to 71 months' incarceration.

## II.

Because Garcia-Ortiz did not object in the district court, our review is for plain error. *United States v. Gracia-Cantu*, 302 F.3d 308, 310 (5th Cir. 2002). The sentencing guidelines provide for a sixteen-level enhancement if "the defendant previously was deported, or unlawfully remained in the United States after a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A conviction can qualify as a "crime of violence" in either of two ways: (1) if the conviction is for one of the enumerated offenses listed in the commentary to § 2L1.2, *United States v. Garcia-Mendez*, 420 F.3d 454, 456 (5th Cir. 2005); or (2) if the crime of conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* (quoting U.S.S.G. § 2L1.2, comment n.1(B)(iii)).

We apply the categorical approach of *Taylor v. United States*, 495 U.S. 575, 602 (1990),[1] under which courts determine the elements of the crime by looking to the statute of conviction, not the defendant's underlying

---

[1] *See, e.g. United States v. Hernandez-Rodriguez*, 467 F.3d 492, 494 (5th Cir. 2006) (citations omitted).

conduct. *United States v. Velasco*, 465 F.3d 633, 638 (5th Cir. 2006). "If a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain 'conclusive records made or used in adjudicating guilt' in order to determine which particular statutory alternative applies to the defendant's conviction." *United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir.) (quoting *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005)), *cert. denied*, 546 U.S. 1070 (2005). These records are generally limited to the "charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

Our first task is to determine of what particular offense Garcia-Ortiz was convicted. The PSR indicates that he was convicted, by guilty plea, of attempted aggravated sexual assault in 1997. Although the PSR notes that the conviction was verified by a copy of the judgment, the appellate record does not include the judgment, and the PSR does not specify the statute of conviction. The parties agree, however, that Garcia-Ortiz was convicted of attempted aggravated sexual assault.

Section 15.01 of the Texas Penal Code defines the preparatory offense of criminal attempt, and section 22.021 defines aggravated sexual assault. Section 22.021 essentially recites the statutory definition of sexual assault, TEX. PENAL CODE § 22.011,[2] and adds three

---

[2] A violation of Texas Penal Code § 22.011-(a)(1) is not a crime of violence for purposes of § 2L1.2. *United States v. Luciano-Rodriguez*, 442 F.3d 320, 323 (5th Cir.), *cert. denied*, 127 S. Ct. 747 (2006). A violation of § 22.011(a)(2) does
(continued...)

discrete methods of elevating the sexual assault to aggravated sexual assault (1) using one of six enumerated methods of coercion,[3] (2) if the victim is under fourteen years of age or (3) if the victim is sixty-five years of age or older, *id*. § 22.021(a)(2).[4] The record does

not tell us which subsections of section 22.021 Garcia-Ortiz's conviction for attempted aggravated sexual assault was based upon.

Although the PSR contains an alleged description of the events giving rise to Garcia-Ortiz's earlier conviction, we cannot look to that description to determine whether the conviction was of a crime of violence.[5] The record does not contain any of the documents, listed earlier, that we are permitted to consult. Thus, on the record before us we are unable to identify with legal certainty which subsections of the aggravated sexual assault statute Garcia-Ortiz was convicted of, and thus whether the conviction required proof of the use, attempted use, or threatened use of physical force.

Where we cannot ascertain, under plain error review and for purposes of the § 2L1.2 enhancement, which subsection of a statute a defendant violated, we vacate and remand for supplementation of the record.[6] Accordingly,

---

(...continued)

qualify, however. *United States v. Alvarado-Hernandez*, 465 F.3d 188, 190 (5th Cir. 2006).

[3] This prong is satisfied if the defendant

(i) causes serious bodily injury or attempts to cause the death of the victim or another person in the course of the same criminal episode;

(ii) by acts or words places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;

(iii) by acts or words occurring in the presence of the victim threatens to cause the death, serious bodily injury, or kidnapping of any person;

(iv) uses or exhibits a deadly weapon in the course of the same criminal episode;

(v) acts in concert with another who engages in conduct described by Subdivision (1) directed toward the same victim and occurring during the course of the same criminal episode; or

(vi) administers or provides flunitrazepam, otherwise known as rohypnol, gamma hydroxybutyrate, or ketamine to the victim of the offense with the intent of facilitating the commission of the offense.

TEX. PENAL CODE § 22.021(a)(2)(A).

[4] "Attempt to commit an aggravated offense" is defined as when "an element that aggravates the offense accompanies the attempt." TEX. PENAL CODE § 15.01(b). "Attempt" is defined as when a
(continued...)

---

[4](...continued)

person "with specific intent to commit an offense . . . does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." *Id*. § 15.01(a).

[5] *Garza-Lopez*, 410 F.3d at 274 ("[U]nder *Shepard*, a district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes."); *see also United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006).

[6] *See United States v. Gonzalez-Chavez*, 432 F.3d 334, 338 (5th Cir. 2005) ("Where we cannot identify with legal certainty under which portion of a statute a defendant was convicted, we cannot determine whether a crime of violence enhancement was proper. In such a case, we remand to the dis-
(continued...)

the judgment of sentence is VACATED and REMANDED for development of the record and resentencing.

---

[6](...continued)
trict court for supplementation of the record and re-sentencing.") (citing *Bonilla-Mungia*, 422 F.3d at 321).