United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41313
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERARDO VIGIL-SANCHEZ, also
known as Everardo Sanchez-Vigil,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-98-ALL

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Everardo Vigil-Sanchez(Vigil) appeals his guilty-plea conviction and sentence for being unlawfully present in the United States following removal. The district court enhanced Vigil's sentence based upon its finding that his prior California conviction for unlawful sexual intercourse with a minor was a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A).

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vigil argues that the enhancement was improper because the statute under which he was convicted sets the legal age for consent to sexual activity at 18 years of age while the Model Penal Code and the majority of the states set the legal age of consent for sexual activity at 16 years of age or younger.

Vigil's prior conviction was under CAL. PENAL CODE ANN. § 261.5(c) which proscribes "unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator." Section 261.5(a) provides that "unlawful sexual intercourse" is that with a "minor" not married to the perpetrator, defining "minor" as "a person under the age of 18 years" and "adult" as "a person who is at least 18 years of age."[1] Under a common-sense approach, Vigil's conviction was for the enumerated offenses of statutory rape and sexual abuse of a minor and, accordingly, a crime of violence under § 2L1.2(b)(1)(A)(ii). *See* § 2L1.2, comment. (n.1(b)(iii)); *United States v. Acosta*, 214 F.App'x 398 (5th Cir. 2007); *United States v. Lopez-Garcia*, 163 F.App'x 306 (5th Cir. 2006); *United States v. Izaguirre-Flores*, 405 F.3d 270, 275 (5th Cir. 2005); *see also United States v. Hernandez-Castillo*, 449 F.3d 1127, 1131 (10th Cir. 2006), *cert. denied*, 127 S.Ct. 936 (2007) (§ 261.5(c)); *United States v. Vargas-Garnica*, 332 F.3d 471, 474 & n.1 (7th Cir. 2003) (§ 261.5(c)).

_____

[1]The complaint alleges Vigil was over 21 and the victim was under 16.

2

Vigil also argues that the felony and aggravated felony provisions contained in 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This constitutional argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Vigil contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Vigil properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.