# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2009

Charles R. Fulbruge III

Clerk

No. 08-40796
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE MARTIN CASTRO-GUEVARRA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and KING and OWEN, Circuit Judges.

EDITH H. JONES, Chief Judge:

Jose Martin Castro-Guevarra ("Castro-Guevarra") pled guilty to illegal re-entry in violation of 8 U.S.C. § 1326 (a) and (b) and was sentenced to 46 months imprisonment to be followed by two years of supervised release. He contends on appeal that the district court erred, when, applying the crime of violence guideline, it enhanced his base offense level by 16 levels for a previous conviction for sexual assault of a child. *See* U.S.S.G. § 2L1.2(b). Because this argument is foreclosed by this court's precedent, we AFFIRM.

# I. BACKGROUND

Castro-Guevarra was deported in June 2007 after being convicted of sexual assault of a child in Texas. TEX. PENAL CODE § 22.011(a)(2)(A), (c)(1). In that case, the victim reported that on at least three occasions, Castro-Guevarra had sexual intercourse with her after her mother had left for work. The victim's half-brother witnessed the defendant on top of the victim wearing only underwear. Castro-Guevarra pled guilty and served five years in prison. The judgment stated that the victim was 14 years old at the time of the offense.

In May 2008, he was again arrested and pled guilty to attempting illegally to re-enter the United States by wading the Rio Grande. The pre-sentence report ("PSR") recommended a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), classifying the earlier sexual assault conviction as a crime of violence. As a result of this enhancement and other adjustments, Castro-Guevarra's PSR recommended a total offense level of 24 and criminal history Category III, corresponding to an imprisonment range of 51 to 63 months.

Castro-Guevarra submitted a written objection to the crime of violence enhancement, arguing that his prior conviction did not contain a "use of force" element. The court overruled this objection but granted an additional one-level reduction for acceptance of responsibility. The court recalculated a corrected range of 46 to 57 months and sentenced Castro-Guevarra, as noted, to 46 months imprisonment. Castro-Guevarra appeals his sentence.

# II. DISCUSSION

This court reviews a district court's interpretation and application of the Guidelines *de novo*. *See United States v. Alvarado-Hernandez*, 465 F.3d 188, 189 (5th Cir. 2006).

Castro-Guevarra argues that his prior sexual assault conviction does not qualify for an enhancement under the guidelines as (1) sexual abuse of a minor,

(2) statutory rape, or (3) a residual "use of force" crime of violence. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[1] His arguments are unavailing.

The statute under which Castro-Guevarra was convicted, TEX. PENAL CODE § 22.011(a)(2)(A) and (c)(1), punishes consensual sexual intercourse with a child, defined as a person younger than the age of 17. Castro-Guevarra contends that this statute does not reflect the "generic age of consent" that renders it a statutory rape statute under the Guidelines.[2] In *United States v. Alvarado-Hernandez*, 465 F.3d 188 at 189 (5th Cir. 2006), however, we held that the Texas statute "meets a common sense definition of 'statutory rape.'" Castro-Guevarra's reliance on *United States v. Lopez-Deleon*, 513 F.3d 472 (5th Cir. 2008), is mistaken. In *Lopez-Deleon*, this court referred to the "generic age of consent" as a requirement for statutory rape offenses, but then concluded more specifically that a defendant's prior statutory rape conviction under California law demonstrated a crime of violence where the charging documents established that the victim was 14 at the time of the offense.[3] *Alvarado-Hernandez*, to the contrary, is on point regarding Texas law. Thus, even if we believed that

---

[1] "Crime of violence" means any of the following offenses under federal, state, or local law: . . . statutory rape, sexual abuse of a minor . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

[2] The Government argues that Castro-Guevarra only raised a "use of force" objection during the sentencing hearing and we should only review his "generic age of consent" argument for plain error. Because Castro-Guevarra's argument fails even under the liberal standard of review, we need not determine whether Castro-Guevarra's objection was specific enough to overcome plain error review.

[3] The abstract of judgment in Castro-Guevarra's earlier conviction notes that his victim was also 14 years old at the time he assaulted her. Because an "abstract of judgment is generated by the [convicting] court's clerical staff, . . . it is not an 'explicit factual finding by the trial judge to which the defendant assented,' which the court may consider under *Shepard*." *United States v. Gutierrez-Ramirez*, 405 F.3d 352, 359 (5th Cir. 2005) (quoting *Shepard v. United States*, 544 U.S. 13, 15, 125 S. Ct. 1254, 1257 (2005)). We, therefore, may not rely on any information contained in the abstract of judgment when determining whether Castro-Guevarra's state conviction is an enumerated offense for enhancement purposes.

*Lopez-Deleon* is in tension with *Alvarado-Hernandez*, one panel of this court may not overrule another panel's earlier decision. *See United States v. Warden*, 291 F.3d 363, 366 (5th Cir. 2002). The district court did not err when it determined that this appellant's previous conviction under TEX. PENAL CODE § 22.011(a)(2)(A), (c)(1) involved statutory rape that falls within the enumerated § 2L1.2 cmt. n.1(B)(iii) crime of violence definition.

Castro-Guevarra's additional arguments are also foreclosed. This court has held that the crime of sexual assault of a child under TEX. PENAL CODE § 22.011(a)(2) falls within the guideline enhancement as sexual abuse of a minor. *United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006). We have also held that the related Texas indecency with a "child" statute, in which a "child" is, as here, under 17 years old, constitutes sexual abuse of a minor under U.S.S.G §2L1.2 cmt. n.1(B)(iii). *See United States v. Ayala*, 542 F.3d 494 (5th Cir. 2008); *United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000); *United States v. Najera-Najera*, 519 F.3d 509, 511 (5th Cir. 2008). These authorities all sustain the sentence enhancement.

Finally, we have rejected Castro-Guevarra's contention that the "use of force" element of U.S.S.G. § 2L1.2 is lacking in TEX. PENAL CODE § 22.011(a)(2). *See United States v. Rayo-Valdez*, 302 F.3d 314, 320 (5th Cir. 2002) (holding that sexual abuse of a minor is a crime of violence even if no element of physical force is proved).

## III. CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is **AFFIRMED.**