# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 19, 2011

Lyle W. Cayce
Clerk

No. 11-50293
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE PICHARDO-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-4-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Guadalupe Pichardo-Sanchez (Pichardo) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal.  Pichardo claims that his prior Texas conviction for sexual assault of a child was not for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  He asserts that the sentence was substantively unreasonable, contending that his within-guidelines range sentence should not be considered presumptively reasonable because § 2L1.2 is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not empirically based.  He further urges that the presumption of reasonableness has been rebutted by the district court's clear error of judgment in balancing the sentencing factors and that the sentence was greater than necessary to meet the needs of sentencing under 18 U.S.C. § 3553(a) because (1) it did not account for his favorable personal history and characteristics, (2) it was based on a double counting of his criminal history, (3) his current offense was victimless and not inherently evil, (4) his prior conviction was not as serious as other offenses that would receive 16-level enhancements, and (5) his benign motive for returning to the United States mitigated the seriousness of his offense.  Pichardo also insists that the sentence was greater than necessary to deter further criminal conduct or protect the public, noting that he had not previously served a sentence longer than two years and that a lesser period of incarceration is sufficient to deter a defendant who has not previously served a long sentence.

As Pichardo concedes, his position that his prior Texas conviction for sexual assault of a child was not a conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii) is foreclosed.  *See United States v. Castro-Guevarra*, 575 F.3d 550, 552-53 (5th Cir. 2009).  Also, his contention that his within-guidelines range sentence should not be considered presumptively reasonable because § 2L1.2 is not empirically based is foreclosed as well.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

"[A] sentence within a properly calculated Guideline range is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The district court had before it both mitigating and aggravating factors, balanced these factors, and determined that a sentence at the bottom of the guidelines range was appropriate.  We conclude that there is no reason to disturb the presumption of reasonableness

No. 11-50293

in this case. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.