# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2012

No. 11-20881

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE CABECERA RODRIGUEZ, also known as Jorge Cebecera, also known as Jorge Paul Cabecera, also known as Jorge P. Cabecera,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, DeMOSS and GRAVES, Circuit Judges.

PER CURIAM:

Jorge Cabecera Rodriguez ("Rodriguez") pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to twenty-three months imprisonment. Rodriguez now challenges his sentence, arguing that the district court erred when it applied a sixteen-level crime of violence enhancement based on a prior Texas conviction for sexual assault of a child. Because Rodriguez's argument is foreclosed by circuit precedent, we AFFIRM.

No. 11-20881

## BACKGROUND

Rodriguez was charged with illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a), (b)(2), and pleaded guilty without the benefit of a plea agreement. At sentencing, the district court applied a sixteen-level crime of violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Rodriguez's 2003 Texas conviction for sexual of assault of a child under TEX. PENAL CODE § 22.011(a)(2). Rodriguez objected to the enhancement, arguing that the Texas offense is not a crime of violence because it criminalizes conduct that falls outside of the generic, contemporary meaning of the offenses enumerated in the Guidelines. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The district court overruled the objection. Rodriguez's total offense level was twenty-one and his criminal history category was III, which gave him an advisory Guidelines range of forty-six to fifty-seven months. The district court granted Rodriguez a downward variance and sentenced him to twenty-three months imprisonment.

## DISCUSSION

The district court's conclusion that Rodriguez's prior Texas conviction constitutes a crime violence is a question of law that we review de novo. *United States v. Najera-Najera*, 519 F.3d 509, 510 (5th Cir. 2008). Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level enhancement if the "defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is . . . a crime of violence." An offense constitutes a crime of violence if it includes as an element "the use, attempted use, or threatened use of physical force," or if it is among the enumerated offenses provided in the Guidelines. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The crimes of statutory rape and sexual abuse of a minor are included in the list of enumerated offenses. *Id.*

We employ a common sense approach when determining whether a prior conviction constitutes one of the enumerated crimes of violence in the

2

No. 11-20881

Guidelines. *United States v. Sanchez*, 667 F.3d 555, 560 (5th Cir. 2012). "We determine 'whether a prior conviction constitutes an enumerated offense as that offense is understood in its ordinary, contemporary, [and] common meaning." *Id.* at 560–61 (quoting *United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006)) (alteration in original). "If the state definition for an offense is broader than the generic definition, a conviction under that state's law cannot serve as a predicate for the enhancement." *United States v. Ellis*, 564 F.3d 370, 372 (5th Cir. 2009).

The Texas statute at issue criminalizes sexual intercourse with a child, defined as a person under the age of seventeen. TEX. PENAL CODE §§ 22.011(a)(2), (c)(1). Rodriguez argues that the Texas offense is broader than the generic, contemporary definitions of sexual abuse of a minor and statutory rape because it sets the age of consent at seventeen and criminalizes sexual activity when there is more than three years age difference between the defendant and victim.[1] *See id.* §§ 22.011(a)(2), (c)(1), (e)(2). Rodriguez contends that most jurisdictions set the age of consent at sixteen and require that there be more than four years age difference between the actor and victim before criminal liability for statutory rape or sexual abuse of a minor can attach.

As Rodriguez acknowledges, however, this court has squarely held that the offense defined in TEX. PENAL CODE § 22.011(a)(2) constitutes "statutory rape" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Alvarado-Hernandez*, 465 F.3d 188, 189–90 (5th Cir. 2006); *see also Sanchez*, 667 F.3d at 566; *United States v. Castro-Gueverra*, 575 F.3d 550, 552 (5th Cir. 2009).[2] "This

---

[1] The Texas statute provides an affirmative defense when, inter alia, "the actor was not more than three years older than the victim and at the time of the offense . . . the victim was a child of 14 years of age or older." *See* TEX. PENAL CODE § 22.011(e)(2)(A)–(B).

[2] Rodriguez also argues that the district court erred in concluding that his conviction under TEX. PENAL CODE § 22.011(a)(2) constitutes an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2), which provides a greater maximum sentence for aliens convicted of illegal

No. 11-20881

court has [also] held that the crime of sexual assault of a child under TEX. PENAL CODE § 22.011(a)(2) falls within the guideline enhancement as sexual abuse of a minor." *Castro-Gueverra*, 575 F.3d at 553–54 (citing *United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006)); *see also Sanchez*, 667 F.3d at 566.

"It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Rodriguez points to no change in the law that would allow this panel to decide the issue differently than prior panels of this court. Accordingly, we are bound by those decisions.

## CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.

---

reentry after removal "subsequent to a conviction for commission of an aggravated felony." The term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43)(A) as including "sexual abuse of a minor." We use the same analysis to determine whether a prior conviction constitutes sexual abuse of a minor for purposes of § 1101(a)(43)(A) that we use to determine whether a prior conviction constitutes sexual abuse of a minor for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Zavala-Sustaita*, 214 F.3d 601, 603–05 (5th Cir. 2000). Accordingly, this argument is also foreclosed by our prior precedent. *See Calderon-Terrazas v. Ashcroft*, 117 F. App'x 903, 904–05 (5th Cir. 2004) ("[S]exual assault of a child under TEX. PENAL CODE § 22.011[(a)(2)] qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A)." (internal quotation marks omitted)).

No. 11-20881

JAMES E. GRAVES, JR., Circuit Judge, concurring:

I agree that Rodriguez's challenge based on the definition of "minor" is foreclosed by this court's earlier decisions holding that Texas Penal Code § 22.011(a)(2) constitutes both "statutory rape" and "sexual abuse of a minor" for the purposes of the §2L1.2 sentencing enhancement. I write separately to emphasize that these decisions are unsupported by the proper analysis and are inconsistent with other well-reasoned decisions of this court.

We have held, consistent with Supreme Court precedent, that an undefined offense enumerated in the Sentencing Guidelines must be given a "uniform definition" based on its "generic, contemporary meaning." *United States v. Dominguez-Ochoa*, 386 F.3d 639, 642-43 (5th Cir. 2004) (citing *Taylor v. United States*, 495 U.S. 575, 593-94 (1990)). We have also held that the "generic, contemporary meaning" of "statutory rape" sets the age of consent at sixteen, and have at least strongly implied that the "generic, contemporary meaning" of "sexual abuse of a minor" defines a "minor" as a person under sixteen. *See United States v. Lopez-DeLeon*, 513 F.3d 472, 475 (5th Cir. 2008); *United States v. Munoz-Ortenza*, 563 F.3d 112, 115-16 (5th Cir. 2009). Based on these precedents, the Texas statute, which sets the age of consent at seventeen, is unequivocally overbroad. Furthermore, as explained below, no published opinion of this court dealing with a §2L1.2 enhancement based on Texas Penal Code § 22.011(a)(2) includes any definition or analysis of the generic meaning of either "statutory rape" or "sexual abuse of a minor" to support its holding.

Rodriguez also argues that the "generic, contemporary" meaning of "sexual abuse of a minor" requires at least a four-year age difference between the victim and the defendant. Accordingly, Rodriguez contends that Texas Penal Code § 22.011(a)(2) is overbroad because it requires only a three-year age difference. Because this court has never addressed a challenge to section 22011(a)(2) or any analogous statute based on this age differential, I do not agree that this

challenge is foreclosed by circuit precedent. However, as explained below, this challenge fails on the merits.

## I.    Definition of "Minor"

### A.    Cases Interpreting Texas Penal Code § 22.011(a)(2)

#### i.    *Statutory rape*

In *United States v. Alvarado-Hernandez*, 465 F.3d 188, 189-90 (5th Cir. 2006), this court held that the defendant's prior conviction under Texas Penal Code § 22.011(a)(2) met the "common-sense definition" of "statutory rape" under §2L1.2. Citing *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006), the court noted that a "common sense approach" must be used to determine whether "the defendant's offense qualifies as an enumerated offense in the Guidelines," which "requires a determination of the generic and contemporary meaning" of the enumerated offense. *Id.* at 189. This court previously recognized in *Sanchez-Ruedas* that "[f]or sources of generic contemporary meaning, we consider, *inter alia*, the Model Penal Code, Professors LaFave and Scott's treatise, modern state cases, and dictionaries." *Sanchez-Ruedas*, 452 F.3d at 412. However, the court discussed none of these sources in *Alvarado-Hernandez*, stating simply that:

> The Texas statute at issue meets a common sense definition of "statutory rape." This statute punishes consensual sexual intercourse with a child, defined as a person younger than the age of seventeen. Alvarado-Hernandez's prior conviction was based on an indictment that charged him with having consensual sexual intercourse with a fourteen-year-old victim, sufficient to meet a common-sense as well as a generic, contemporary definition of statutory rape.

*Alvarado-Hernandez*, 465 F.3d at 189-90 (citations omitted). Although Alvarado-Hernandez argued that the Texas statute was categorically overbroad because it set the age of consent at seventeen rather than sixteen, the court neither acknowledged nor discussed this argument.

No. 11-20881

Because the court relied upon the specific facts of that case showing that a fourteen-year-old victim was involved and presented no analysis dealing with the "generic, contemporary" definition of "statutory rape," its opinion cannot be fairly construed as holding that Texas Penal Code § 22.011(a)(2) categorically constitutes "statutory rape" under §2L1.2. However, in subsequent cases this court has cited *Alvarado-Hernandez* for exactly this proposition. In *United States v. Castro-Guevarra*, 575 F.3d 550, 552 (5th Cir. 2009), this court characterized *Alvarado-Hernandez* as holding "that the Texas statute meets a common sense definition of statutory rape." (Quotations omitted). Based solely on this authority, the court rejected Castro-Guevarra's argument that the Texas statute "does not reflect the 'generic age of consent' that renders it a statutory rape statute under the Guidelines." *Id.* Additionally, in *United States v. Sanchez*, 667 F.3d 555, 566 (5th Cir. 2012), this court cited *Alvarado-Hernandez* and held that "our precedents foreclose [the] argument" that the Texas statute "encompasses behavior beyond the ordinary, contemporary, and common definition[] of . . . 'statutory rape'" due to the higher age of consent.

### ii.    *Sexual abuse of a minor*

In *United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006), this court rejected the defendant's challenge to a §2L1.2 enhancement for "sexual abuse of a minor" based on his prior conviction under Texas Penal Code § 22.011(a)(2). The court noted that it had previously held in *United States v. Izaguirre-Flores*, 405 F.3d 270, 275-76 (5th Cir. 2005), that "[t]aking indecent liberties with a child to gratify one's sexual desire constitutes 'sexual abuse of a minor' because it involves taking undue or unfair advantage of the minor." *Id.* The court therefore reasoned that "[i]f gratifying one's sexual desires while in the presence of a minor constitutes sexual abuse of a minor, then sexual assault of a minor [under section 22.011(a)(2)] certainly constitutes sexual abuse of a minor." *Id.* However, the definition of "minor" was not at issue in either

*Martinez-Vega* or *Izaguirre-Flores*, and neither opinion contained any discussion of the matter. Martinez-Vega did not even argue in his brief that the Texas statute failed to meet the "generic, contemporary" definition of "sexual abuse of a minor," and the court unsurprisingly did not address the issue. Nonetheless, this court has subsequently relied upon *Martinez-Vega* to reject as foreclosed any argument that Texas Penal Code § 22.011(a)(2) does not categorically constitute "sexual abuse of a minor" under §2L1.2. *See Castro-Guevarra*, 575 F.3d at 552-53; *Sanchez*, 667 F.3d at 566 & n.56 (citing *Castro-Guevarra*).

Notably, no published opinion of this court construing Texas Penal Code § 22.011(a)(2) has set forth a "generic, contemporary" definition of either "statutory rape" or "sexual abuse of a minor" under which this statute would not be categorically overbroad.

### B.    Cases Interpreting Other Statutes

The only published opinion of this court defining "minor" as a person under seventeen, in the context of "sexual abuse of a minor" under §2L1.2, is *United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000). That case dealt with Texas Penal Code § 21.11, which prohibits "indecency with a child." Like section 22.011(a)(2), section 21.11 defines a "child" as a person younger than seventeen. In *United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000), this court stated, without any further explanation, that "[t]he victim of a § 21.11(a)(2) offense, 'a child younger than 17 years,' is clearly a 'minor.'" In that case, the defendant had previously exposed himself to a 13-year-old girl and a 10-year-old boy. *Id.* at 602-03. Unsurprisingly, the age definition for "minor" or "child" was not an issue and was apparently not argued by the parties or considered by the court.

But in *United States v. Najera-Najera*, 519 F.3d 509, 511-12 (5th Cir. 2008), this court found *Zavala-Sustaita* to be "dispositive" and interpreted its holding to state that the "generic, contemporary" meaning of "sexual abuse of a

minor" defines a "minor" as a person under seventeen.  Subsequently, in *United States v. Ayala*, 542 F.3d 494, 494-95 (5th Cir. 2008), this court cited *Zavala-Sustaita* and *Najera-Najera* to hold that Ayala's argument based on the section 21.11 definition of "child" was foreclosed.  Even if the court in *Zavala-Sustaita* intended to categorically define "minor" in the context of "sexual abuse of a minor," which is doubtful, this holding is hardly persuasive.  Rather than investigate any source of "generic, contemporary meaning," the court simply declared that a person under seventeen is "clearly" a minor.  Although a sixteen-year-old is certainly considered a "minor" in some contexts, this does not answer the question.  The "generic, contemporary meaning" of an undefined guidelines offense must be determined by reference to the elements of specific state offenses, not according to the meaning of a term in unrelated contexts.

When this court has actually investigated the "generic, contemporary meaning" of "statutory rape" and "sexual abuse of a minor," the results have shown Texas Penal Code § 22.011(a)(2) to be overbroad due to the age definition.  In *Lopez-DeLeon*, 513 F.3d at 474, this court compared California Penal Code § 261.5(c), which prohibits "sexual intercourse with a minor," with the "generic, contemporary meaning" of "statutory rape."  Consistent with our precedent, the court determined this meaning "by reviewing the Model Penal Code (MPC), treatises, modern state codes, and dictionaries."  *Id.*  The court found that thirty-three states and the District of Columbia set the age of consent to sexual activity at sixteen, whereas six states set the age of consent at seventeen and eleven states set the age of consent at eighteen.  *Id.* at 474-75.  The court found that the federal offense of "sexual abuse of a minor," 18 U.S.C. § 2243(a), sets the age of consent at sixteen.  *Id.* at 474-75.  Finally, the court found that the *Black's Law Dictionary* definition of "statutory rape" states that the age of consent is "usually defined by statute at 16 years."  *Id.* at 475.  Based on these considerations, and using "the common sense approach," the court held that "the ordinary,

contemporary, and common meaning of minor, or 'age of consent' for purposes of a statutory rape analysis, is sixteen." *Id.* Because the California statute set the age of consent at eighteen rather than sixteen, the court held that it "is overly broad for the purposes of defining statutory rape pursuant to . . . § 2L1.2(b)(1)(A)(ii)." *Id.*

In *Munoz-Ortenza*, 563 F.3d at 114-16, this court conducted a similar analysis to determine whether California Penal Code § 288a(b)(1), which prohibits "oral copulation of a minor" under eighteen, is consistent with the "generic, contemporary meaning" of "sexual abuse of a minor." The court found that "[t]hirty-nine states, federal law, and the Model Penal Code define minor as one under sixteen (or younger) for purposes of punishing oral copulation," whereas five states define "minor" as one under seventeen, and six states as well as the District of Columbia define "minor" as one under eighteen. *Id.* at 115. The court accordingly found that "it would be difficult to conclude that a minor, in the context of the enumerated category of 'sexual abuse of a minor,' is one under eighteen." *Id.* Nevertheless, the court recognized our precedents holding that "'minor' in this context includes those under seventeen," and stated that it "need not decide here whether 'minor' as used in the enumerated category of 'sexual abuse of a minor' means those under sixteen versus those under seventeen." *Id.* at 115-16. The court held that because section 288a(b)(1) "defines minor as one under eighteen, it is overbroad because it criminalizes 'conduct that would not be criminalized under the generic, contemporary meaning' of sexual abuse of a minor." *Id.* at 116 (quotation omitted). Despite the court's refusal to decide whether a "minor" could be defined as a person under seventeen, the data cited by the court strongly suggest the generic age is sixteen.

No subsequent opinions of this court have challenged or undermined the "generic, contemporary meaning" analyses presented in *Lopez-DeLeon* and

No. 11-20881

*Munoz-Ortenza.* In fact, this court recently relied upon both cases to hold that a Florida statute criminalizing sexual activity with 16- and 17-year-olds was too broad to categorically constitute either "statutory rape" or "sexual abuse of a minor" under §2L1.2. *United States v. Chavez-Hernandez*, 671 F.3d 494, 499-500 (5th Cir. 2012).

## II.     Age Difference Between Victim and Defendant

Citing *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152-53 (9th Cir. 2008), Rodriguez contends that "most states require a four-year age difference for conviction of a sexual assault of a child." Appellant's Brief at 15. This assertion is not supported by *Estrada-Espinoza* and is in fact incorrect. Almost every state has statutes defining multiple crimes of varying severity that would constitute "sexual abuse of a minor." *See generally* "Statutory Rape: A Guide to State Laws and Reporting Requirements," The Lewin Group, prepared for the Department of Health and Human Services, Dec. 15, 2004, at http://aspe.hhs.gov/hsp/08/sr/statelaws/report.pdf. In most states, sexual activity with a victim below a certain age is a crime regardless of the age of the defendant. *Id.* Above this minimum age, state laws vary widely based on the age of the victim, the age of the defendant, the age difference between the victim and the defendant, the type of sexual activity, and other factors. *Id.* Although a four-year age differential is included in the definition of "sexual abuse of a minor" under 18 U.S.C. § 2243 and in the Model Penal Code definition of "statutory rape," this is not dispositive in light of the substantial disagreement between the various states. Rodriguez has not demonstrated that the three-year age difference included in Texas Penal Code § 22011(a)(2) renders it broader than the generic definition of "sexual abuse of a minor."

## III.     Conclusion

Because of the age of the victim, Rodriguez's conduct would not constitute "statutory rape" or "sexual abuse of a minor" under the laws of most states.

No. 11-20881

Rodriguez was given a sixteen-level sentencing enhancement based on a prior section 22011(a)(2) offense involving a sixteen-year-old victim when he was nineteen years old. Nevertheless, the panel is compelled to reject Rodriguez's challenge based on our prior decisions construing section 22011(a)(2), even after other opinions of this court have shown these decisions to be incorrect. As the court recognizes, "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Rather than allow this confusion in our case law to continue, the court should definitively determine the "generic, contemporary meanings" of the offenses at issue here and apply these definitions uniformly.