[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 04, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-13870
Non-Argument Calendar

_____

D. C. Docket No. 09-20284-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO FLORES-PACHECO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2010)

Before EDMONDSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Sergio Flores-Pacheco, who pleaded guilty to illegally reentering the United

States, 8 U.S.C. § 1326(a), (b)(1), appeals his sentence of 46 months of imprisonment to be followed by 36 months of supervised release. Flores-Pacheco argues that his sentence is both procedurally and substantively unreasonable. We affirm.

The United States has removed Flores-Pacheco more than once. In August 2008, Flores-Pacheco pleaded guilty to aggravated battery in Miami-Dade County and received a sentence of one year of probation. In September 2008, the United States ordered him removed. In October 2008, Flores-Pacheco was convicted in the Southern District of Texas of illegally reentering the United States and removed a second time. Undeterred, he returned again. In March 2009, agents of the Bureau of Immigration and Customs Enforcement arrested Flores-Pacheco in Miami-Dade County while conducting an investigation into the employment of illegal immigrants. In May 2009, Flores-Pacheco again pleaded guilty to illegally reentering the United States. 8 U.S.C. § 1326(a), (b)(1).

In July 2009, the district court held a sentencing hearing to address Flores-Pacheco's most recent conviction. The presentence investigation report provided a guidelines range of 46 to 57 months of imprisonment. This range included a 16-level enhancement because of Flores-Pacheco's prior conviction for aggravated battery, a felony crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). Flores-Pacheco

did not contest the fact of his prior conviction, but he asked the district court to disregard the enhancement and "use [its] discretion in fashioning a sentence that is appropriate for deterrence." He agreed that "some increase should be allowed" for his aggravated battery conviction, but he argued that the enhancement prescribed by the guidelines was "unreasonable" because it did not consider the nature of his prior violent felony. Flores-Pacheco stated that his prior conviction was not for "a gun [] or heroin importation or some . . . intense offense." He argued that he had "plead[ed] guilty to a charge that he got into a fight with somebody else." He urged the district court to impose a sentence of 12 to 18 months because "that's enough deterrence in this case."

The district court imposed a sentence at the bottom of the guidelines range. It explained that "I understand the defendant's argument, but I'm not persuaded by it." The district court was "particularly not persuaded in the case of this defendant who has . . . been deported and he has come back and he was not simply deported, he was deported following an illegal reentry, the very same crime he's here today addressing." The district court "beg[an] with the premise that the Guidelines range is appropriate" and invited Flores-Pacheco to "address any 3553 factors that . . . warrant a sentence outside the advisory Guidelines range." The district court heard further argument from both parties and "[a]fter careful consideration of the

3

presentence report, the advisory Guidelines and the statutory factors under 3553"
imposed a sentence of 46 months of imprisonment to be followed by 36 months of
supervised release.

"We review the reasonableness of a sentence through a two-step process
using a deferential abuse-of-discretion standard." United States v. Sarras, 575 F.3d
1191, 1219 (11th Cir. 2009). "First, we look at whether the district court
committed any significant procedural error, such as miscalculating the advisory
guidelines range, treating the guidelines range as mandatory, or failing to consider
the 18 U.S.C. § 3553(a) factors." Id. "[O]rdinarily we would expect a sentence
within the Guidelines range to be reasonable. . . . [T]he party who challenges the
sentence bears the burden of establishing that the sentence is unreasonable . . . ."
United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Flores-Pacheco challenges his sentence on two grounds. He argues that it is
procedurally unreasonable because the district court did not address his argument
that he should receive a downward variance because section 2L1.2(b)(1)(A)(ii)
"does not differentiate between different types of crimes of violence." Flores-
Pacheco argues that his sentence is substantively unreasonable because he
"received the same sentence as defendants guilty of illegal re-entry previously
convicted of . . . sexually assaulting a 14-year-old[] and gang-related drive-by

4

shootings."

We reject both arguments. The district court adequately explained why it disagreed with Flores-Pacheco's argument about the guidelines enhancement. Flores-Pacheco's sentence is also not substantively unreasonable because there is no "unwarranted similarit[y]," Gall v. United States, 552 U.S. 38, 55, 128 S. Ct. 586, 600 (2007), between his sentence and the sentences that he cites as similar. Even if Flores-Pacheco is correct that aggravated battery is "substantively different" from the violent felonies to which he compares it, no case that he cites involves a defendant who, like him, had been convicted of illegal reentry more than once. See United States v. Aguilar-Huerta, 576 F.3d 365 (7th Cir. 2009); United States v. Castro-Guevarra, 575 F.3d 550 (5th Cir. 2009). Flores-Pacheco has not met his "burden of establishing that the sentence is unreasonable." Talley, 431 F.3d at 788.

Flores-Pacheco's sentence is **AFFIRMED**.