PER CURIAM:
Jorge Cabecera Rodriguez (“Rodriguez”) pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to twenty-three months imprisonment. Rodriguez now challenges his sentence, arguing that the district court erred when it applied a sixteen-level crime of violence enhancement based on a prior Texas conviction for sexual assault of a child. Because Rodriguez’s argument is foreclosed by circuit precedent, we AFFIRM.
BACKGROUND
Rodriguez was charged with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2), and pleaded guilty without the benefit of a plea agreement. At sentencing, the district court applied a sixteen-level crime of violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(l)(A)(ii) based on Rodriguez’s 2003 Texas conviction for sexual of assault of a child under Tex. Penal Code § 22.011(a)(2). Rodriguez objected to the enhancement, arguing that the Texas offense is not a crime of violence because it criminalizes conduct that falls outside of the generic, contemporary meaning of the offenses enumerated in the Guidelines. See U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). The district court overruled the objection. Rodriguez’s total offense level was twenty-one and his criminal history category was III, which gave him an advisory Guidelines range of forty-six to fifty-seven months. The district court granted Rodriguez a downward variance and sentenced him to twenty-three months imprisonment.
DISCUSSION
The district court’s conclusion that Rodriguez’s prior Texas conviction constitutes a crime violence is a question of law that we review de novo. United States v. Najerar-Najera, 519 F.3d 509, 510 (5th Cir.2008). Section 2L1.2(b)(l)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level enhancement if the “defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is ... a crime of violence.” An offense constitutes a crime of violence if it includes as an element “the use, attempted use, or threatened use of physical force,” or if it is among the enumerated offenses provided in the Guidelines. U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). The crimes of statutory rape and sexual abuse of a minor are included in the list of enumerated offenses. Id.
We employ a common sense approach when determining whether a prior *222 conviction constitutes one of the enumerated crimes of violence in the Guidelines. United States v. Sanchez, 667 F.3d 555, 560 (5th Cir.2012). “We determine ‘whether a prior conviction constitutes an enumerated offense as that offense is understood in its ordinary, contemporary, [and] common meaning.’ ” Id. at 560-61 (quoting United States v. Murillo-Lopez, 444 F.3d 337, 339 (5th Cir.2006)) (alteration in original). “If the state definition for an offense is broader than the generic definition, a conviction under that state’s law cannot serve as a predicate for the enhancement.” United States v. Ellis, 564 F.3d 370, 372 (5th Cir.2009).
The Texas statute at issue criminalizes sexual intercourse with a child, defined as a person under the age of seventeen. Tex. Penal Code § 22.011(a)(2), (c)(1). Rodriguez argues that the Texas offense is broader than the generic, contemporary definitions of sexual abuse of a minor and statutory rape because it sets the age of consent at seventeen and criminalizes sexual activity when there is more than three years age difference between the defendant and victim.[1] See id. § 22.011(a)(2), (c)(1), (e)(2). Rodriguez contends that most jurisdictions set the age of consent at sixteen and require that there be more than four years age difference between the actor and victim before criminal liability for statutory rape or sexual abuse of a minor can attach.
As Rodriguez acknowledges, however, this court has squarely held that the offense defined in Tex. Penal Code § 22.011(a)(2) constitutes “statutory rape” for purposes of U.S.S.G. § 2L1.2(b)(l)(A)(ii). See United States v. Alvarado-Hernandez, 465 F.3d 188, 189-90 (5th Cir.2006); see also Sanchez, 667 F.3d at 566; United States v. Castro-Guevarra, 575 F.3d 550, 552 (5th Cir.2009).[2] “This court has [also] held that the crime of sexual assault of a child under Tex. Penal Code § 22.011(a)(2) falls within the guideline enhancement as sexual abuse of a minor.” Castro-Guevarra, 575 F.3d at 552-53 (citing United States v. Martinez-Vega, 471 F.3d 559, 562 (5th Cir.2006)); see also Sanchez, 667 F.3d at 566.
“It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel’s decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court.” Jacobs v. Nat’l Drug Intelligence Ctr., 548 F.3d 375, 378 (5th Cir.2008). Rodriguez points to no change in the law that would allow this panel to *223 decide the issue differently than prior panels of this court. Accordingly, we are bound by those decisions.
CONCLUSION
For the foregoing reasons, the sentence imposed by the district court is
AFFIRMED.

. The Texas statute provides an affirmative defense when, inter alia, “the actor was not more than three years older than the victim and at the time of the offense ... the victim was a child of 14 years of age or older." See Tex. Penal Code § 22.01 l(e)(2)(A)-(B).

. Rodriguez also argues that the district court erred in concluding that his conviction under Tex. Penal Code § 22.011(a)(2) constitutes an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2), which provides a greater maximum sentence for aliens convicted of illegal reentry after removal "subsequent to a conviction for commission of an aggravated felony.” The term "aggravated felony” is defined in 8 U.S.C. § 1101(a)(43)(A) as including "sexual abuse of a minor.” We use the same analysis to determine whether a prior conviction constitutes sexual abuse of a minor for purposes of § 1101(a)(43)(A) that we use to determine whether a prior conviction constitutes sexual abuse of a minor for purposes of U.S.S.G. § 2L1.2(b)(l)(A)(ii). See United States v. Zavala-Sustaita, 214 F.3d 601, 603-05 (5th Cir.2000). Accordingly, this argument is also foreclosed by our prior precedent. See Calderon-Terrazas v. Ashcroft, 117 Fed.Appx. 903, 904-05 (5th Cir.2004) ("[Sexual assault of a child under Tex. Penal Code § 22.011 [(a)(2)] qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).” (internal quotation marks omitted)).