**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2012

No. 11-41182

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN FRANCISCO MARTINEZ-MUNOZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 7:11-cr-00826

Before DeMOSS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant Juan Francisco Martinez-Munoz pleaded guilty to illegal reentry after deportation in violation of 18 U.S.C. § 1326 and was sentenced to fifty-seven months of imprisonment. On appeal, Martinez argues that the district court erred when it applied a sixteen-level crime of violence enhancement based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41182

on a prior Louisiana conviction for carnal knowledge of a juvenile. Because the district court did not plainly err in finding Martinez's prior conviction qualifies as a crime of violence for sexual abuse of a minor, his sentence is affirmed.

## I.

United States Sentencing Guideline § 2L1.2 provides for a sixteen-level increase if the defendant has been previously convicted of a "crime of violence," which includes "sexual abuse of a minor." U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.1 (B)(iii). To determine whether a prior conviction qualifies as an enumerated "crime of violence," the court compares the "generic, contemporary meaning" of the offense to the actual statute of conviction. *See United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006). "When the statute of conviction encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, the conviction is not a crime of violence as a matter of law." *United States v. Fierro–Reyna*, 466 F.3d 324, 327 (5th Cir. 2006) (internal quotation marks omitted).

## II.

Martinez argues, referring especially to *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008), that the Louisiana statute prohibiting carnal knowledge of a juvenile is broader than the generic offense of sexual abuse of a minor because the generic offense requires a four-year age differential between the victim and the perpetrator and the Louisiana statute requires only a two-year age differential.[1] Because Martinez did not raise this argument before the district court, our review is for plain error. *See United States v. Chavez–Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012) (finding that when a

---

[1] Martinez also asserts on appeal that the Louisiana statute sets the age of sexual consent at seventeen and is therefore broader then the generic age of sexual consent of sixteen. Because he raises the argument only to preserve it for further review, we do not address this issue.

No. 11-41182

defendant has "failed to make his objection to the guidelines calculation sufficiently clear, the issue is considered forfeited"). To establish plain error, Martinez must demonstrate that "(1) the district court erred, (2) the nature of the error was plain or obvious, and (3) the defendant suffered substantial prejudice." *United States v. Vargas-Soto*, No. 11-10835, — F.3d —, 2012 WL 5240833, at *1 (5th Cir. Oct. 24, 2012) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If Martinez makes this showing, this court's discretion to remedy the error should be exercised "'only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings or 'in order to prevent a manifest miscarriage of justice.'" *Id.* (quoting *Puckett*, 556 U.S. at 135).

Martinez's 1997 conviction was for carnal knowledge of a juvenile, La. Rev. Stat. Ann. § 14:80, which stated that:

> A.    Carnal knowledge of a juvenile is committed when:
>
> (1)    A person over the age of seventeen has sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender; or
>
> (2)    A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
>
> B.    Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.

LA. REV. STAT. ANN. § 14:80 (West Supp. 1996).

No. 11-41182

The district court did not plainly err in applying the crime of violence enhancement. Legally, no decision from our court has held that Louisiana's two-year age differential affects whether the offense fits the ordinary meaning of sexual abuse of a minor. *See United States v. Rodriguez*, No. 11-20881, — F.3d —, 2012 WL 4513839, at \*6 (5th Cir. Oct. 3, 2012) (Graves, J., concurring). No plain error requiring our correction exists therefore.

Martinez argues for the first time on appeal that there is no legal basis for his guilty plea to carnal knowledge of a juvenile because the statute criminalizes sexual conduct with a victim between the ages of twelve and seventeen and the victim in this case was eleven years of age. As such, he contends that he could not have pleaded guilty to the elements of the offense. He further argues that because it was legally impossible to plead guilty to the relevant statute, this court cannot consider the bill of information in determining whether his prior conviction constitutes a crime of violence. His arguments are unavailing. Martinez cannot collaterally challenge his conviction in a direct criminal appeal on the grounds that the conviction was legally impossible. *See Custis v. United States*, 511 U.S. 485, 495-97 (1994).

The district court did not plainly err applying the crime of violence sentencing enhancement. His sentence is AFFIRMED.